Filing reviewed on 1/5/2023 by Scott Grigg

Received
1/5/2023 11:13 AM
Judge Missildine - Precinct
Collin County, Texas

**CAUSE NO.**  03-SC-23-00012

| | |
|---|---|
| JAMAL ELSAFI, | **IN THE JUSTICE COURT** |
| Plaintiff, | |
| v. | |
| HUNTER WARFIELD, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC. | **PRECINCT 3** |
| Defendant(s). | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff JAMAL ELSAFI ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and bring this *Original Petition* against Defendants HUNTER WARFIELD, INC. ("Hunter"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANSUNION, LLC ("TransUnion"), and EXPERIAN INFORMATION SERVICES, INC ("Experian") collectively referred to as the ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### JURISDICTION & VENUE

2.    This Court has personal jurisdiction over all the parties because all parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

3.    Plaintiff seeks monetary relief within this Court's jurisdictional limits.

4.    Venue in Collin County is proper in this cause pursuant to § 15.002 of the Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred here.

1

## PARTIES AND SERVICE

5.      Plaintiff is a resident of Collin County, Texas.

6.      At all times material hereto, Plaintiff were a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Hunter Warfield, Inc.**

7.      Defendant Hunter is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

8.      Hunter is a corporation duly authorized and qualified to do business in the State of Texas and can be served with process Corporation Service Company dba CSC-Lawyers Inc. at 211 E. 7th Street., Suite 620, Austin, TX 78701.

9.      Hunter meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**Equifax Information Services, LLC**

10.     Defendant Equifax Information Services, LLC., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia company registered to do business in the State of Texas and may be served with process upon Corporation Service Company, its registered agent for service of process, at 211 E. 7th Street Suite 620 Austin, Texas 78701.

11.     At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**TransUnion, LLC**

13.    Defendant TransUnion is a consumer reporting agency under 15 U.S.C. § 1681a(f) and can be served with process upon The Prentice-Hall Corporation System, its registered agent for service of process at 211 E. 7th St., Ste 620, Austin, TX 78701.

14.    At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

15.    At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

**Experian Information Solutions, Inc.**

16.    Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, 1999 Bryan Street Suite 900 Dallas, Texas 75201.

17.    At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

18.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

19.    As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information

on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

20.     Plaintiff incorporates by reference all the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

<u>Hunter's Violations of the FCRA</u>

21.     This matter arises from an account ("Account") stemming from an apartment lease with Orion Prosper ("Orion") belonging to the Plaintiff.

22.     In February 2017, Orion obtained a judgment in the amount of $2,259.03 against Plaintiff.

23.     In March 2017, Plaintiff and Orion agreed to fully settle a prior controversy between them, in which Plaintiff paid Orion the sum of $2,259.03.

24.     In exchange for the payment a Release of Judgment was filed with the Court on March 8, 2017. See," Exhibit A".

25.     Despite settling the Account with Orion and having the judgment against him released, Orion sent the Account to collection with Defendant Hunter Warfield in June of 2017.

26.     Defendant Hunter proceeded to report the resolved Account onto Plaintiff's credit reports as a collection account with an unauthorized past due balance. See, "Exhibit B".

27.     Plaintiff made several disputes relating to the Hunter Account with Experian, Equifax, and TransUnion. See, "Exhibit C"."

28.     Hunter conducted an investigation in regard to the Hunter Account and certified the information to Equifax, Experian, and TransUnion as verified as accurate.

29.     To this day Hunter continues to report false and misleading information relating to the Account on Plaintiff' Equifax, Experian, and TransUnion credit reports.

4

30.     For these reasons, Hunter has violated the Fair Credit Reporting Act.

31.     Hunter's furnishing or publishing of inaccurate reporting continues to affect Plaintiff' creditworthiness, credit score, and ability to acquire credit on otherwise superior terms.

32.     As a result of Hunter's conduct, Plaintiff' credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to mental anguish, distress, and frustration.

33.     Plaintiff has been injured a with series of credit denials and increased interest rates due to Hunter's erroneous credit reporting.

Experian's, Equifax's, and TransUnion's Violations of the FCRA

34.     Plaintiff have made several disputes relating to the Hunter account with Experian, Equifax, and TransUnion.

35.     Experian, Equifax, and TransUnion conducted their re-investigations and verified the Hunter account reporting as accurate and continued reporting and disseminating credit reports. See, "Exhibit D".

36.     Experian, Equifax, and TransUnion continue to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

37.     Despite the disputes by Plaintiff that the information on his consumer report were inaccurate with respect to the disputed account, Experian, Equifax, and TransUnion did not evaluate, reevaluate, or consider any of the information, claims, or evidence from the Plaintiff' and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

38.     In the alternative, Experian, Equifax, and TransUnion failed to contact Hunter and therefore failed to perform any investigation at all.

5

39.     In the alternative it is alleged that Experian, Equifax, and TransUnion did forward some notice of the dispute to Hunter and Hunter failed to conduct a lawful investigation.

40.     Experian, Equifax, and TransUnion violated the FCRA by reporting false credit history information after its reinvestigations of Plaintiff' disputes and continues to inaccurately report the Account as a collection account with a past due balance.

41.     Experian's furnishing or publishing of inaccurate reporting continues to affect Plaintiff' creditworthiness, credit score, and ability to acquire credit on otherwise standard terms.

42.     As a result of Experian's, Equifax's, and TransUnion's conduct, Plaintiffs credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiffs credit file in addition to mental anguish, distress, and frustration.

43.     Plaintiff has been injured a with series of credit denials and increased interest rates due to Experian's erroneous or misleading credit reporting.

## FIRST CAUSE OF ACTION
### Willful Violation of the § 1681s2-b as to Hunter

44.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

45.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

47.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

6

48. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

49. Hunter violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff' dispute reported by Experian, TransUnion, and Equifax with respect to the Accounts; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

50. Specifically, Hunter continues to report an inaccurate balance and Account information on Plaintiff's credit reports for the aforementioned reasons.

51. As a result of the conduct, action and inaction of the Hunter, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52. The conduct, action and inaction of Hunter was willful, rendering Hunter liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

53. Plaintiff is entitled to recover reasonable costs and attorney's fees from Hunter in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### SECOND CAUSE OF ACTION
### Negligent Violation of § 1681s2-b as to Hunter

54. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

56. Pursuant to the Act, all persons who furnished information to reporting agencies must

participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

57.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

58.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

59.    Hunter is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

60.    After receiving the Dispute Notice, Hunter negligently failed to conduct its reinvestigation in good faith and continued to report the Account's balance erroneously.

61.    A reasonable investigation would require a furnisher such as Hunter to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

62.    As a result of the conduct, action and inaction of the Hunter, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

63.    The conduct, action, and inaction of Hunter was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

64.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Hunter in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

65.    **WHEREFORE**, Plaintiff, demands judgment in his favor against Hunter, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**Willful Violation of § 1681(e)(b) as to Equifax**

66.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

67.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

68.     Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

69.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g.  The failure to take adequate steps to verify information Equifax had reason to

believe was inaccurate before including it in the credit report of the consumer.

70.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

71.     The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

72.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

73.     **WHEREFORE**, Plaintiff, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Equifax

74.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

75.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

76.     Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

77.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after

    a reasonable request by Plaintiff;

c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

78.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

79.   The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

80.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

### FIFTH CAUSE OF ACTION
**Willful Violation of § 1681(i)(a) as to Equifax**

81.   Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

82.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

83.   Equifax violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations

and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

84.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    g.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

85.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

86.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

87.     Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

88.     **WHEREFORE,** Plaintiff, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Equifax

89.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

90.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

91.     Equifax violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

92.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

      a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

      c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

      d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

      e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

      f.  The failure to promptly delete information that was found to be inaccurate, or

could not be verified, or that the source of information had advised Equifax to delete;

    g.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

93.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

94.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

95.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**SEVENTH CAUSE OF ACTION**
**Willful Violation of § 1681(e)(b) as to TransUnion**

96.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

97.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

98.    TransUnion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

99.    TransUnion has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a

reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

h.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

100.   As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

101.   The conduct, action and inaction of TransUnion was willful rendering TransUnion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

102.   Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

103.   **WHEREFORE**, Plaintiff, demands judgment in his favor against TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION

15

**Negligent Violation of § 1681(e)(b) as to TransUnion**

104.   Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

105.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

106.   TransUnion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

107.   Trans Union has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

  a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

  c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

  d.  The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

  e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

  g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

16

h.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

108.  As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

109.  The conduct, action and inaction of TransUnion was negligent, entitling Plaintiffs to damages under 15 U.S.C. § 1681(o).

110.  Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**NINTH CAUSE OF ACTION**
**Willful Violation of § 1681(i)(a) as to TransUnion**

111.  Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

112.  This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

113.  TransUnion violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

114.  TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

17

d.  The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

h.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

115.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

116.    The conduct, action and inaction of TransUnion was willful, rendering TransUnion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

117.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

118.    **WHEREFORE**, Plaintiff, demands judgment in his favor against TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>**TENTH CAUSE OF ACTION**</u>
**Negligent Violation of § 1681(i)(a) as to TransUnion**

119.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

18

120.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

121.    TransUnion violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

122.    TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.  The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

   e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

   h.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

123.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage

19

by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

124.    The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

125.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**ELEVENTH CAUSE OF ACTION**
**Willful Violation of § 1681(e)(b) as to Experian**

126.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

127.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

128.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

129.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

> a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
>
> b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
>
> c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
>
> d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

130.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

131.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

132.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

133.    **WHEREFORE**, Plaintiff, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## TWELFTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Experian

134.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

135.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

136.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and

21

credit files that Experian maintained concerning Plaintiff.

137.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    g.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

138.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

139.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

140.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## THIRTEENTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Experian

141.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

142.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

143.    Experian violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

144.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    g.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

23

145.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

146.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

147.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

148.    **WHEREFORE**, Plaintiff, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTEENTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Experian

149.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

150.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

151.    Experian violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

152.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

24

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    g.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

153.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

154.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

155.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
2. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
3. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);
4. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

5.  For any such other and further relief, as well as further costs, expenses, and
disbursements of this action as this Court may deem just and proper.

DATED: January 5, 2023                    Respectfully Submitted,

                                          **JAFFER & ASSOCIATES PLLC**

                                          /s/ Robert Leach                      .
                                          **Shawn Jaffer**
                                          Bar No.: 24107817
                                          **Allen Robertson**
                                          Bar No.: 24076655
                                          **Robert Leach**
                                          Bar No. 24103582
                                          **Phillip Pool**
                                          Bar No.: 24086466
                                          5757 Alpha Road Suite 580
                                          Dallas, Texas 75240
                                          T: (214) 494-1871
                                          F: (888) 530-3910
                                          E-mail: attorneys@jaffer.law
                                          ***Attorneys for Plaintiff***